Court of Criminal Appeals no: WR [83,424-01]  83,424-01
Trial Court no: 2005 CRN 630 D1 (A)

Ex Parte Gabriel Cardona

§

§

§

§

In the 49th District Court

DISTRICT COURT

WEBB COUNTY, TX JUN 29 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

Abel Acosta, Clerk

Noted: May 29, 2015

## APPLICANTS MEMORANDUM IN REPLY TO THE STATES RESPONSE TO THE APPLICATION FOR 11.07 WRIT

Now comes Gabriel Cardona, applicant pro-se and files this Memorandum in reply to the State's response to the application of writ of Habeas Corpus, and respectfully show the Court as follows:

### I. FACTS

The State filed a response to the Applicant's Writ of Habeas Corpus on the 22nd day of May 2015. The Applicant filed his application through certified mail. Certified no: 7014 1820 0001 2048 9285, and delivery date being the 30th day of April 2015. Certified mail was delivered to the District Clerk.

In its response the State claims that "applicants Double Jeopardy claim is meritless."

The State also invoked the laches protection as a bar to the Application. Although the State cites case law in support of its point that the State need not make any particularized showing of prejudice, the State nevertheless states it "suffered prejudice" in its ability to investigate and prepare a defense to the Application." Alternatively, the State prays the Court to require the Applicant to satisfy one of three components to climb over the laches barrier.

The State further claims that the Applicant fails to meet the 11.07 standards with respect to a "factual basis" and facts not being pled to demonstrate "Strickland prejudice".

Lastly, the state presents an affidavit signed by Counsel Almaraz, DAVID, after being duly sworned, and was notarized as being true. Counsel states there was no issue regarding Double Jeopardy, thoroughly investigated the facts of the case and advised applicant accordingly, and that "applicants self-defense theory had no merit".

### II. Argument

The filing of the states response is untimely. In accordance with Article 11.07 of the Texas Code of Criminal Procedures, the State has 15 days to file a response. Proof of delivery dates 4/30/15 for certified mail no: 7014 1820 0001 2048 9285, that is the 30th day of April 2015. The states response filing date therefore would be expired on or about the 16th day of May 2015.

Double Jeopardy: The Applicant filed a Memorandum of Law in support of his Habeas Corpus Application wherein Ground I he cited U.S. Supreme Court precedent, including Texas caselaw precedent, supporting his Double Jeopardy Claim (See Memo of Law). The State does not cite any caselaw in support of its contention. The State's response to the Double Jeopardy Claim is unsupported and contrary to Texas Precedent and Supreme Court precedent. The State illegally obtained the plea.

Laches: The State is not materially prejudiced by the delay in filing the 11.07 Application and its not prejudiced "in its ability to investigate and prepare a defense to the Application": 1) The State is in possession of the offense report; the Laredo Police Department has the entire report as well which investigator Robert Garcia and Joe Baeza have been giving the media like flyers; 2) The Federal Government filed a "Travel Act" indictment against codefendants, coconspirators and applicant, which is still officially open and involves this case as part of its racketeering element; 3) The State and the Federal Government have been cross engaging their witnesses, codefendants, with each other to the benefit of one another; 4) The Federal government has secured witnesses,

evidence and testimony from where the State could have conducted a proper investigation and 5) Most importantly, Wenceslao Tovar, a co-defendant and alleged shooter, is in custody and the state benefits from such since Tovar was secured as a Federal witness and not prosecuted in state Court. Tovar has cooperated with both the State and Federal Government, and certainly the State is in a much more favorable position.

Applicant also filed a "REQUEST FOR DUE CREDIBILITY OF CLAIMS" wherein applicant gives a thorough explanation for such delay in filing the Application. Such explanation should satisfy the "justifiable excuse" or "excusable neglect" requisite. (See: Applicants REQUEST FOR DUE CREDIBILITY "... including its attachment of "Exhibits" as proof for such delay.)

Heretofore, the applicant satisfies at least two of the three components the State invokes. Accordingly, the Laches protection should fail.

FACTUAL BASIS AND PREJUDICE:

Applicant styled his petition in the "cumulative error" fashion rather than the "single error". That is, that the cumulative effect of counsels errors prejudiced him, in that applicant did not (could not have) make a fully informed and conscious choice i.e. intelligent, knowingly thus voluntarily admission of guilt. The State opposes the claim in its response in the "individual error" or "single error" notion. The U.S. Supreme Court has held that the prejudicial effect of Counsel's errors must be considered cumulatively rather than individually. See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1515, 146 L.Ed.2d 389 (2000). The Court of Criminal Appeals has also recognized and ruled on that concept. See e.g. Ex Parte Welborn, 785 S.W.2d 391 (Tex. Crim. App. 1990) Applicant styled his petition in that had Counsel done "all the above" and advised applicant accordingly. it is reasonable to conclude that there exists a reasonable probability that one would not have plead guilty but proceeded to trial. See e.g. Ferrara v. U.S. 456 F.3d 278, 294 (1st Cir. 2006) (a "reasonable probability" is a probability sufficient to undermine confidence in a belief that the [applicant] would have entered a plea.) Applicant would also respectfully remind the Court that the U.S. Supreme Court has held that pro-se filings should be construed liberally. The interests or ends of justice so requires. See e.g. Haines v. Kerner, 404 U.S. 519, 520, 30 L.Ed.2d 652 (1972). Applicant is not a lawyer. applicant is proceeding prose with what he has learned through thorns and thistles but nevertheless makes the best effort to be as precise as possible. Applicant filed an "Affidavit of Facts" as well wherein he explains to the Court how he was affected and why he plead guilty. (See Affidavit of Facts in General) His filings "construed liberally" or by reading the petition as stated above, in the "cumulative error" concept, establishes that applicant did not make an intelligent, knowing and voluntary admission of guilt, prejudiced by Counsels errors.

Counsel Almaraz's affidavit is conflicting in several respects. Counsel states he "thoroughly investigated the facts of the case and advised applicant accordingly". However, the judicial docket for this case does not reflect a motion for discovery or discovery order being filed. Counsel also stated for the record that the state had not provided "a tape" to him on February 12, 2007. Clearly Counsel is dependent of the State and these facts prove that Counsel did not in fact "thoroughly" investigated the facts of the case. Furthermore, Counsel states that there was no issue regarding Double Jeopardy. However, there exists Supreme Court precedent as well as Texas precedent regarding Double Jeopardy Violations and pleas (case laws cited in Applicants Memorandum of Law.) Thus, it proves that Counsel was incompetent, did not know the laws with relation to this case and could have not advised applicant accordingly. How can applicants plea be an intelligent admission? Lastly, Counsel states there was no merit in applicants self defense claim. Applicant never raised a self defense claim. Counsel seems to play the State's card, depend on the State and does not review applicants claim

2 of 3

(or facts of the case) ~~crossed~~ and answer accordingly. Counsel concedes to all other claims.

## III. Adequate Record

Applicant respectfully reminds the Court that an "adequate record is imperative to properly evaluate ineffective assistance of Counsel claims." See e.g. Matthaney v. Anderson, 253 F3d at 1046 Citing U.S. v. Draves. 103 F.3d 1328, 1335 (7th Cir. 1997) And a petitioner is "entitled to an evidentiary hearing... in order that he might be given ~~the~~ an opportunity to offer evidence to develop the factual basis of his claim." id at 1049 ~~[see anything deemed supra]~~

Applicant filed a Motion for Evidentiary Hearing with his application.

## IV. Conclusion

WHEREFORE, PREMISES CONSIDERED, applicant prays that the States response be rejected, and for further relief to which applicant may be entitled.

Mailed:
Respectfully submitted June 2nd, 2015
Gabriel Cardona #1444672
All Red Unit
2401 F.M. 369 W.
Iowa Park, Tx 76367

## Certificate of Service

A copy of this document was mailed through first class mail on the 2nd day of June 2015 to the District Attorneys Office in WEBB COUNTY, LAREDO, TEXAS, with address of 1110 Victoria Ste. 401, Zip Code 78040. Recipient being ADA Michael Bukiewicz.

Gabriel Cardona

**BJECT:** *State briefly the problem on which you desire assistance.*

No: ____

I would like to ma__ a legal package through certified mail, return receipt requested. Could you please come and pick up the package to weigh please, Determine the postage.

ame: Gabriel Cardona     1444672     Unit: J.7

ving Quarters: HSK-226     Work Assignment: ____

**ISPOSITION:** (Inmate will not write in this space)

Pick up KC. Logged out 6/3/15
Sent to Post Office 6/5/15

I-60 (Rev. 11-90)

---

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provid__

For delivery information visit our website at www.usps.com

OFFICIAL US__

| | | |
|---|---|---|
| Postage | $ | 2.68 |
| Certified Fee | | 3.30 |
| Return Receipt Fee (Endorsement Required) | | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 8.68 |

Sent To
Esther Degollado Clerk
Street, Apt. No.; r PO Box No. 1110 Victoria st. (Ste. 2__
ity, State, ZIP+4 Laredo, TX 78042

Form 3800, August 2006     See Reverse for Ins__

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Esther Degollado - Clerk
1110 Victoria st. (Ste. 203)
Laredo, TX 78042

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ____ ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
JUN 0 8 2015

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7013 0600 0000 5186 8427

PS Form 3811, July 2013     Domestic Return Receipt

RECEIVED IN
COURT OF C__

JUN 29 __

Abel Acosta, __